MR. JUSTICE WEBER
respectfully dissents as follows:
In its opinion the majority concludes by overruling any *334 previous Montana decisions which are in conflict, without analyzing the same. I do not agree with that procedure. The majority is making a significant change in the case law of this state and should specify the decisions being modified or overruled.
Sanchez v. Schindler (Tex.1983), 651 S.W.2d 249 is the Texas case cited as authority in the majority opinion. The Texas Supreme Court listed in a footnote the cases it overruled. Sanchez, 651 S.W.2d 249, 251 n. 2.
As historical perspective, the majority opinion refers to the 1852 Blake decision and other 19th century cases from England. No reference is made to California, the state from which Montana adopted its wrongful death statute. In addition to the English cases, reference is made to case law from Michigan, Louisiana, Arizona and Texas. I believe the cases from Michigan, Louisiana and Arizona are clearly distinguishable, but will not discuss them in detail. In Wycko v. Gnodtke (1960), 361 Mich. 331, 105 N.W.2d 118, 122, the Michigan Supreme Court held that the pecuniary value of a child’s companionship was recoverable. In 1968, this Court reached the same conclusion, modified the strict pecuniary loss rule which had originated from Lord Campbell’s Act, and allowed recovery for loss of a child’s society, comfort, care and protection. See Davis v. Smith (1968), 152 Mont. 170, 174, 448 P.2d 133, 135. I found no Michigan authority allowing recovery for grief and sorrow of a survivor. The Louisana and Arizona case law appear inapposite since the Louisiana code specifically allows recovery for “grief, mental anguish, and distress” and the Arizona Constitution specifically prohibits any limitation on recovery in wrongful death cases. See La.Code Civ. Proc.Ann., Forms 321 & 325; Ariz. Const. art. 2, § 31.
The Texas case of Sanchez is discussed at length by the majority. One of the problems of using that case as authority is best stated by Chief Justice Pope, who noted in his dissent in Sanchez that the majority failed to:
“. . . cite a single case in which a court has authorized *335 damages for mental anguish by overruling a long-standing statutory construction that has been ratified by legislative re-enactment . . 651 S.W.2d at 257.
The Montana Legislature has met a number of times since the 1877 enactment of what today is section 27-1-323, MCA. The Legislature has not seen fit to modify this Court’s interpretation of that statute by amendment or otherwise. In Sanchez, Chief Justice Pope noted that aside from the Supreme Court of Texas, only eleven states have permitted recovery for mental anguish of survivors in wrongful death cases. Ten of those eleven states have allowed recovery by legislative action. See Sanchez, 651 S.W.2d 249, 257 n. 6. This is a strong argument for leaving to the Montana Legislature the decision which the majority is making here.
The trend to allow recovery for grief, sorrow and mental distress in wrongful death cases appears to be legislative, rather than judicial. I note that in the Pacific Reporter region, nine states including Montana have statutes allowing such damages as are just. Alaska Stat. § 09.55.580 (fair and just); Cal.Civ.Proc. Code § 377(a) (just); Hawaii Rev.Stat. § 663-3 (fair and just); Idaho Code § 5-311 (just); section 27-1-323, MCA (just); N.M.Stat.Ann. § 41-2-3 (fair and just); Utah Code Ann. § 78-11-7 (just); Wash.Rev.Code § 4.20.020 (just). Washington has, by statutory amendment, allowed recovery for injury to or destruction of the parent-child relationship. Wash.Rev.Code § 4.24.010. This statute has been judicially interpreted to include recovery for grief. Kansas, Nevada and Oklahoma statutory law specifically permit such recovery. Kan.Stat.Ann § 60-1904 (mental anguish, suffering or bereavement); Nev.Rev.Stat. § 41-085 (grief or sorrow); Okla.Stat.Ann. title 12 § 1053 (grief). California, from which Montana adopted its wrongful death statute, has not amended its statute and has refused to allow recovery for grief and sorrow by judicial decision. Krouse v. Graham (1977), 19 Cal.3d 59, 73, 562 P.2d 1022, 1028, 137 Cal.Rptr. 863, 869. This suggests the wisdom of allowing the Legislature to determine if public policy has *336 changed and whether recovery for mental distress, grief and sorrow requires abandonment in Montana of long-standing statutory construction that is consistent with that of other jurisdictions with similar legislation. The majority opinion does not state if it is modifying or abandoning the pecuniary loss rule in Montana, as was done in Sanchez by the Texas Court. If the rule has not been abandoned, will substantial evidence of the pecuniary value of the loss of companionship and society still be required in Montana? Will a different standard be applied to measure damages recoverable for loss of companionship and damages recoverable for grief and sorrow?
I am unable to distinguish between mental or emotional distress recoverable in a wrongful death case (Dawson) and mental or emotional distress recoverable in a negligent infliction of emotional distress case (Versland v. Caron Transport,) 206 Mont., 671 P.2d 583). Our Versland decision is based upon the California case of Dillon v. Legg (1968), 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72. In Dillon, the California Supreme Court allowed recovery for emotional distress suffered by a mother who witnessed her daughter being struck and killed by a motorist. That case is factually comparable to Versland, where the wife watched the collision in which her husband was killed. Dillon and subsequent California cases have allowed recovery by bystanders for emotional distress suffered as a result of witnessing or hearing the accident with damages including mental and emotional distress suffered after the victim’s death. Note that California does not, however, allow recovery for grief, sorrow or mental distress in a case like Dillon.
In seeking to analyze Versland in relation to Dawson, the majority points out that if the action for mental distress from having witnessed the accident is combined with a wrongful death action for mental anguish, sorrow and grief, then the recovery under Versland is limited to the damages caused by witnessing the accident but does not include the mental distress resulting from the death. That concept sug *337 gests that there is a line between the emotional distress suffered from witnessing an accident that results in the instantaneous death of a loved one, and the emotional distress suffered from sorrow and grief that follows the death. I do not understand that distinction and would be unable to explain it to a jury.